# IN THE COURT OF APPEALS OF IOWA

No. 21-1141
Filed December 21, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY MATHROLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Kim Riley, District Associate Judge.


        Jeremy Mathrole appeals the denial of his application to modify his sex offender registration requirement. **REVERSED AND REMANDED.**


        Taylor Reichardt of Kaplan & Frese, LLP, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered by Schumacher, P.J., Chicchelly, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

In July 2001, Jeremy Mathrole was convicted of assault with intent to commit sexual abuse. *See* Iowa Code § 709.11 (2001). The court imposed a suspended prison sentence and placed him on probation. His conviction required him to register as a sex offender.

In February 2021, Mathrole filed an application to modify his sex offender registration requirement. As part of his application, he underwent a risk assessment. The risk assessment scored Mathrole's risk of reoffense under three different tools: the STATIC-99R, the STABLE-2007, and the ISORA. The risk assessment provided two different scores for the STATIC-99R: the base STATIC-99R measures static risk factors that do not change, and the revised STATIC-99R reduces Mathrole's risk of reoffending based on his time living in the community without committing another sex offense. The risk assessment showed Mathrole's scores for each tool individually and combined as follows:

| | |
|---|---|
| Base STATIC-99R | Above Average Risk |
| Revised STATIC-99R | Very Low Risk |
| STABLE-2007 | Low Risk |
| ISORA | Moderate Risk |
| Base STATIC-99R & STABLE-2007 | Moderate Low Risk |
| Revised STATIC-99R & STABLE-2007 | Low Risk |
| Base STATIC-99R & ISORA | Moderate High Risk |

At the hearing, the assessor testified there is not enough research to combine the Revised STATIC-99R and the ISORA into a valid composite score. After the hearing, the district court found Mathrole failed to meet the threshold for modification because his assessment scores "were not consistently 'low risk.'" Thus, the court rejected his application. He appeals.

The Iowa Code allows the district court to "consider modification of the sex offender registration obligation if certain criteria are met. This initial threshold determination is reviewed for correction of errors at law." *Fortune v. State*, 957 N.W.2d 696, 702 (Iowa 2021). When reviewing for correction of errors, we will affirm the district court if its decision is supported by substantial evidence. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "If the applicant meets the threshold statutory requirements, the district court proceeds to the second step, namely, determining, in its discretion, whether the registration requirements should be modified." *Fortune*, 957 N.W.2d at 705.

The district court found Mathrole failed to meet the threshold showing that "[a] risk assessment has been completed and the sex offender was classified as a low risk to reoffend." Iowa Code § 692A.128(2)(c) (2021). Mathrole argues his risk assessment showed he was a low risk to offend and the district court erred in requiring his scores to be "consistently 'low risk.'" He acknowledges his Base STATIC-99R and ISORA scores showed his risk to reoffend was above "low," but he argues these scores only consider static factors at the time he was placed on probation and ignore his record without a sex offense since then.

The Iowa Supreme Court has considered the STATIC-99R, STABLE-2007, and ISORA scores in evaluating whether an applicant for modification is a low risk to offend. *See Fortune*, 957 N.W.2d at 701–02; *Becher v. State*, 957 N.W.2d 710, 713 (Iowa 2021). Mathrole correctly notes the supreme court found an abuse of discretion when the district court failed to put the "STATIC-99R score into proper context" and did not consider the applicant's "time in the community without reoffense." *Becher*, 957 N.W.2d at 716. However, the court did so for the second

step of the modification framework when the district court applies its discretion and not for the threshold statutory criteria.

As we describe above, Mathrole was administered three risk assessments which were scored alone, and some of the assessments were also scored together by the department of corrections assessor. Some showed low risk, others moderate to moderately high risk. The risk assessment report in evidence notes the disparity in scores but does not correlate the multiple scores into a final assessment of whether, considered together, Mathrole is deemed a "low risk" to reoffend. On this record, it was left to the trial court to reach its own conclusion on the point, which it resolved against Mathrole, noting his scores were not "consistently low risk." We do not agree that all individual scores must be low risk to clear the threshold. In *Fortune*, the applicant presented four low scores and one average risk score. 957 N.W.2d at 701. It was conceded that he met the statutory criteria for modification. *Id.* at 704. In *Becher*, 957 N.W.2d at 713, the offender scored low, low, low, lowest and below average but was deemed by the evaluator to be "very low risk." By requiring all scores to be low risk, the trial court erred. The proper question is whether, considering all the scores together, the offender is evaluated as low risk to reoffend.

We reverse the trial court's order denying modification and remand for further proceedings, with the trial court to reconsider the threshold criteria without requiring all individual or combined scores to be "low risk."

**REVERSED AND REMANDED.**